MacArthur Bros. Co. *v.* City of New York.    **725**

App. Div.]                First Department, May, 1917.

MacArthur Bros. Company and Thomas S. Winston and James O. Winston, Copartners, Doing Business under the Firm Name and Style of Winston & Company, Plaintiffs, *v.* The City of New York, Defendant.

First Department, May 4, 1917.

Municipal corporations — contract with city of New York — acceptance of final payment precluding contractor from making further claims against city — authority of comptroller of city to modify or waive provisions of contract — evidence — practice — effect of motion for directed verdict.

A contract releasing the city of New York from all liability to a contractor upon his acceptance of final payment, precludes the contractor, upon acceptance of said payment, from bringing action upon other claims, notwithstanding a provision in a general release assuming to reserve all right to make claim against the city for the matters included in the action. This, because the comptroller of the city who executed the release had no power to modify the contract or to waive any of its provisions.

Evidence in an action by such contractor *held* insufficient to establish its claims, even if the objection based upon the contract should not prevail.

The effect of a motion for a directed verdict is to submit to the court only those claims that have not been dismissed during the trial of the action prior to the time of the hearing of the motion.

Motion by the plaintiffs, MacArthur Bros. Company and Thomas S. Winston and another, for a new trial upon a case containing exceptions ordered to be heard at the Appellate Division in the first instance upon the direction of a verdict in defendant's favor by the court at the close of the case, both sides having then moved for the direction of a verdict.

The trial was held in New York county in January, 1915.

*Samuel Seabury,* for the plaintiffs.

*John F. O'Brien,* for the defendant.

Smith, J.:

The plaintiffs contracted with the city of New York through the aqueduct commissioners to construct the Cross River Reservoir in Westchester county. They proceeded with their work,

726    MacArthur Bros. Co. *v.* City of New York.

First Department, May, 1917.    [Vol. 177.

and payments were made upon the certificate of the engineer from time to time until, in August, 1908, plaintiffs received a draft by the comptroller upon the chamberlain of the city of New York for the sum of $157,514.67, which was stated in the draft to be " for and in full of contract No. 13149, construction of the Cross River Reservoir, Reservoir N in towns of Bedford, Lewisboro and Poundridge, Westchester County. Voucher rec'd." Thereafter this action was brought against the city, in which action are included fifteen claims or different causes of action. The action was brought on for trial, and certain of the claims dismissed pending the trial. Thereafter motions for a directed verdict were made by both parties, whereupon the court took the papers and afterwards dismissed the complaint.

The plaintiffs are met at the threshold of their argument with the defendant's contention that plaintiffs' receipt of the final payment of $157,514.67 operated to release all other claims under article XXIX of the contract. That article reads as follows: "The acceptance by the contractor of the last payment aforesaid shall operate as and shall be a release to the City, the Commissioners and each of them and their agents, from all claim and liability to the contractor for anything done or furnished for or relating to the work, or for any act or neglect of the City or of any person relating to or affecting the work, except the claim against the City for the remainder, if any there be, of the amounts kept or retained as provided in Article XXIII." It is not claimed that the causes of action in question are within the exception. At the time that this final payment was accepted by the plaintiffs the plaintiffs executed a general release to the city. In that general release, however, was a provision which assumed to reserve to the plaintiffs the right to make claim against the city for the matters included in this action. The contention of the plaintiffs is that by reason of the fact that this reservation was made in this general release which was filed at the time of the acceptance of the last payment, such acceptance cannot be deemed to be in full or cannot operate as a release of the claims here sought to be enforced. In support of this contention *Gearty* v. *Mayor, etc.* (171 N. Y. 61, 66) is cited. In that case a general release was executed which was required by the comptroller in order to obtain

MacArthur Bros. Co. *v.* City of New York.   **727**

App. Div.]                First Department, May, 1917.

the moneys actually due and payable by the terms of the contract, and it was held that the contractor was not bound by that release. But in that case there was no provision in the contract between the city and the contractor as to what should be the effect of the acceptance of that final payment or that such acceptance should in any way operate to release all other claims. This provision in the contract in the case at bar clearly distinguishes this case from the case cited. The comptroller of the city had no power to modify this contract or to waive any of its provisions. The release was not called for by the contract. His acceptance of a general release with this reservation could in no way operate to change the effect which would otherwise follow from the acceptance of this final payment. In *Allen* v. *City of Oneida* (210 N. Y. 496, 501) it was provided that the payment of the final amount due should release the city from any and all claims under the contract. It was there held that the plaintiffs having accepted this payment, could not thereafter repudiate the covenants entered into by them and recover for the alleged quantity of work in excess of the amount shown by the final estimate. This authority would seem to be conclusive against the plaintiffs in this case unless they be saved by the reservation contained in the release. That such reservation cannot have that effect must follow from the lack of power in the comptroller to modify or in any way change the contract between the plaintiffs and the city. We are of opinion, therefore, that the defendant's objection, based upon the effect of the acceptance of this final payment, must prevail, and this conclusion would lead to an affirmance of this judgment.

If, however, this question should be passed, we are still unable to find sufficient proof to establish the plaintiffs' claims. We agree with the plaintiffs that the effect of the motions for a directed verdict was to submit to the court only those claims that had not been dismissed during the trial of the action prior to the time when these motions were heard. Without specifying our conclusions in detail upon the specific claims made, it may be stated generally that, allowing to the decision of the trial judge the legal force of his determination on the facts as to the causes of action submitted to him, and allowing to the

decision of the engineer the proper force to be given thereto under the contract of the parties, we think the plaintiffs' claims are without support in the evidence, and were properly dismissed.

The exceptions should be overruled, with costs, and judgment ordered to be entered on verdict.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Exceptions overruled and judgment ordered on verdict. Order to be settled on notice.