FREDBURN CONSTRUCTION CORPORATION, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, May 3, 1937.

*Rosston & Hart* [*Edwin Hart* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*Alvin McKinley Sylvester* of counsel], for the defendant.

SHIENTAG, J. This is a motion by the defendant for summary judgment upon the ground that the affirmative defenses interposed are sufficient in law and the answering affidavits raise no triable issues of fact.

The complaint alleges that on December 17, 1929, plaintiff entered into a contract in writing for the erection of the foundation of the Brooklyn Public Library; that on or about June 1, 1930, the parties entered into certain other contracts for furnishing extra work such as beam pockets and rods for the sum of $3,065.52 and for additional steel sheet piling in excess of the quantity set forth in the contract and specifications in the sum of $18,832.64, both aggregating $21,898.16.

The answer denies the material allegations of the complaint and sets up payment in full as a first defense. The second defense is based upon a clause in the contract which provides that acceptance of the final payment due thereunder shall operate as a release to the city.

It appears without dispute that on December 26, 1931, a final payment voucher was issued to the plaintiff wherein it was certified that the final payment due under the contract was $9,521.54. Subsequent to the filing of this voucher in the department of finance the comptroller tendered to the plaintiff and the plaintiff accepted a warrant bearing date October 28, 1931, in the aforesaid sum which stated on its face, " In full less repairing security on contract." The check was paid on November 6, 1931, and on the same day the plaintiff executed a release to the city of all claims against it under the contract of December 17, 1929, " Excepting the sum of $9,801.48 retained as repairing security and further excepting any claim it may have to the sum of $21,898.16 for Additional sheeting &c., which claim is not hereby released by it nor conceded by the City of New York."

This payment of $9,521.54 was made upon plaintiff's request entitled " Application No. 16 and Final." The application further provided, however, that " all rights on any claims not specifically mentioned above are hereby reserved."

It is clear, therefore, that at the very outset the plaintiff knew and intended that the payment was the last one due under the contract, but it attempted to reserve the right to make additional and further claims in the future by executing the conditional release referred to.

About a year later the plaintiff filed claim for the additional sum of $9,801.48, representing one per cent which the city was entitled to retain to insure the work done against defects. Under

the contract the city was entitled to retain this so-called repairing security for a term of one year after the filing of the final certificate of completion and the acceptance with the comptroller. The claim for the return of the one per cent withheld by the city as aforesaid was allowed, and the city delivered and plaintiff accepted a check in the sum of $9,801.48, which bore upon the face thereof the words " in full of repairing security on contract."

It is urged by the plaintiff that the payment made to it on November 6, 1931, was not a final payment, and was not intended to be such by the parties in spite of the indorsement on the warrant to the effect that it was " in full less repairing security on contract." Plaintiff contends that prior to the time that the warrant was delivered and accepted the matter of its additional claims upon which the action herein is predicated had been taken up with the then president of the borough of Brooklyn, and that the words indicating full payment on the warrant were inadvertently allowed to remain thereon. In support of this contention plaintiff relies upon the reservation of its claims as set forth in the restricted release delivered to the city coincidentally with the receipt by plaintiff of the warrant and also upon the fact that subsequent to the payment hearings upon the claim were held by the borough president and thereafter by the comptroller.

The sole question is whether plaintiff may assert the rights which it attempted to reserve against the city at the time it accepted the so-called final payment under the contract on November 6, 1931. The pertinent article of the contract between the parties provides as follows: " The acceptance by the contractor of the final payment aforesaid shall be and shall operate as a release to the President, the City and each official and employee, representative and agent thereof, from all claimed liability to the contractor for anything done or furnished for, or relating to or affecting the work, except only the claim against the City for the remainder, if any there be, of the amounts kept or retained as provided in this contract and for interest, if any, on the final payment."

The city contends that this clause of the contract operates as a complete bar to the maintenance of the present action and that the attempted reservation by the plaintiff of its rights was futile and ineffective.

A closely analogous situation was considered in *MacArthur Bros. Co.* v. *City of New York* (177 App. Div. 725; affd., 224 N. Y. 629). Payment was made to the plaintiffs in that case by a draft upon which appeared the words " for and in full of contract No. 13149, construction of the Cross River Reservoir." The contract

contained a clause that the " acceptance by the contractor of the last payment aforesaid shall operate as and be a release to the City * * * from all claim and liability to the contractor for anything done or furnished for or relating to the work," except retained percentages.

As in the case at bar, when plaintiffs accepted the final payment they gave a release which contained certain reservations to the plaintiff in that action to make further claims against the city. It was held that the acceptance of the final payment was a bar to the maintenance of the suit.

" The comptroller of the city had no power to modify this contract or to waive any of its provisions. The release was not called for by the contract. His acceptance of a general release with this reservation could in no way operate to change the effect which would otherwise follow from the acceptance of this final payment " (p. 727). (See, also, *Allen* v. *City of Oneida*, 210 N. Y. 496, and, to the same effect, *Cauldwell-Wingate Co.* v. *City of New York*, 242 App. Div. 626; affd., 269 N. Y. 539.)

Plaintiff undoubtedly intended to reserve its rights at the time it accepted the final payment under the contract. The attempt as made was without efficacy. The proceedings had with the borough president, both prior and subsequent to the acceptance of the final payment, are of no moment and do not affect the consequences flowing from the acceptance of the final payment. Neither the borough president nor the comptroller had the power to alter or modify the provision of the contract or the legal effect thereof making acceptance of final payment a release to the city of New York of future claims under the contract.

Claims of fraud, misrepresentation, mutual mistake of fact, estoppel or reformation cannot avail the plaintiff. The vital and essential elements are lacking in each instance. Defendant's motion for summary judgment is granted. Settle order.