OAKHILL CONTRACTING COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, October 31, 1941.

*James Hall Prothero* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellant.

*Walter L. Jacobson* of counsel [*Roe & Kramer,* attorneys], for the respondent.

CALLAHAN, J.   Plaintiff, a contractor, sued defendant, a municipal corporation, in the City Court of the City of New York to recover the value of extra work claimed to have been performed in connection with the construction of a water main.

The defendant's answer contained a first affirmative defense setting forth that, under a provision in the contract between the parties, defendant was to be released from all claims upon the acceptance by the contractor of final payment.   It asserted that plaintiff had accepted $1,608.40 as a final payment.   A second defense of accord and satisfaction was pleaded.

A reply was served by the plaintiff which, in addition to denials of certain allegations of the answer, admitted the receipt of $1,608.40, and set up three " affirmative replies " to the defenses referred to. The second of these " affirmative replies " was stricken out in the City Court, and the correctness of that ruling is not questioned on this appeal.   The issue that is presented on this appeal is whether the plaintiff's first and third " affirmative replies " are legally sufficient.

The first affirmative reply states, in substance, that it was the rule and practice of the office of the comptroller of the city of New York to require contractors, at the time of final payment under a contract, to deliver a general release to the city; that where a contractor upon completion of work claimed there was due to him something for extra work, such contractor had the privilege of inserting in the general release so prepared, reservations of claims, and that it was the rule and practice for the comptroller to accept a release with such reservations, and to pay the balance of the contract price without prejudice.   It recites further that the disbursing clerk in the comptroller's office represented to plaintiff that it could reserve in its release its claim for extra work, and that the city would accept such release with such reservations; that, in reliance upon such statement, the plaintiff tendered a release with a reservation of the right to make claim for extra work contained therein; that the city received the same upon the

representation that the release was being accepted without prejudice, and that acceptance of the payment of $1,608.40 was procured by means of such representations; that the assurances given by the disbursing clerk were made in the belief that he was thereby serving the interests of the city, but that the disbursing clerk was mistaken as to each and every of said statements made by him upon which plaintiff relied.

The third affirmative reply asserts the acceptance of the $1,608.40 by the plaintiff on condition that the general release with reservations should be effective in reserving to plaintiff its claim for extras; that, in the event that such reservation was not effective, the payment of $1,608.40 was not to constitute, or be effective as final payment; that the city's claim that the payment constituted a general release was a violation of the condition upon which the payment was predicated.

The reply contains a prayer for an affirmative judgment rescinding plaintiff's acceptance of the $1,608.40, and rescinding the release executed simultaneously therewith. Plaintiff offers to comply with any condition that the court may impose as a condition of such affirmative relief. Plaintiff does not, therefore, plead a completed rescission, but seeks a judgment of rescission.

On this appeal the parties do not discuss the question of the jurisdiction of the City Court to award an affirmative equitable judgment. They treat only with the sufficiency of the affirmative matter set forth in the reply as equitable defenses to defendant's pleas of release and accord and satisfaction.

We find that the matters pleaded in the " affirmative replies " are insufficient either to overcome defendant's defenses, or to justify an award of an equitable judgment of rescission. Therefore, we do not pass on the jurisdictional question mentioned.

It is to be remembered that the provision in the contract relied on by defendant is to the effect that acceptance of the final payment *ipso facto* released the city from liability for anything done by the contractor in connection with performance of the work. Therefore, the delivery of a general release was a wholly unnecessary step. Under the contract, the mere acceptance of payment constituted a release. Accordingly, any reservation contained in the general release would be entirely ineffective. It could not alter the contract, nor could it create any new rights in the plaintiff. Any custom or practice which might have existed with respect to general releases could not vary rights expressly and clearly provided for by the contract. (*Hopper* v. *Sage*, 112 N. Y. 530.) Nothing short of a modification of the contract, or a waiver of its provisions would avoid the effect of accepting the final payment.

The release clause in the contract contained no provision authorizing the comptroller or any of his subordinates to make final payment under any special condition or reservation. It cannot be seriously urged that a disbursing clerk in the comptroller's office had authority to make any contract for the city of New York, or to modify any contract made by the city. The comptroller himself would have no power to modify a contract or to waive any of its provisions. (*MacArthur Bros. Co.* v. *City of New York*, 177 App. Div. 725; affd., 224 N. Y. 629.)

It is equally plain that the comptroller's disbursing clerk would have no authority to bind the city by representations regarding the legal effect of the acts of the parties. Nor would the rule of law affording the right of reliance on one having superior knowledge protect plaintiff in dealing with such a clerk. The rule that one may be misled by reliance on misstatements of another having superior knowledge would not apply to a person dealing with a subordinate municipal employee, where the latter volunteers to give advice with respect to the legal effect of a plain provision of a document. This is so in the present case for two reasons: *First,* there was no ambiguity with respect to the contract provisions, and, therefore, no situation presented which called for special knowledge or for the interpretation of the contract. *Second,* the authority of the disbursing clerk would not include the right to construe the agreement, even if its meaning was doubtful.

The principle applicable is that one dealing with an agent of a municipal corporation must at his peril ascertain the extent of the agent's authority. (*Robinowitz* v. *City of White Plains*, 269 N. Y. 670.) This principle is based on the sound rule of public policy that those who aid in transactions with city officials which are unauthorized have no recourse against the municipal corporation. Therefore, any attempt to waive or modify the effect of the clause of the agreement with respect to release, by discussing its terms with the disbursing clerk, or by inserting something in an unnecessary general release which said clerk agreed to take, was futile. What was said in such transactions was overridden by what was done in accepting payment. (*Hudson* v. *Yonkers Fruit Co.*, 258 N. Y. 168, 171.) The situation here simply is that plaintiff tried to make an agreement reserving alleged rights, or making conditions concerning the effects of steps taken, with an agent who had no authority to bind the principal with respect thereto.

The third " affirmative reply," which pleads that final payment was received conditionally, is likewise insufficient, for the reasons above pointed out. Any such arrangement would merely be another way of attempting to waive or modify the provisions of the

contract, and lack of authority would bar the making of an agreement for such conditional delivery.

The determination of the Appellate Term and order of the City Court so far as appealed from should be reversed, with twenty dollars costs and disbursements in this court, and ten dollars costs and disbursements in the Appellate Term, to the defendant-appellant, and the motion to strike out granted.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Determination of the Appellate Term and the order of the City Court, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements to the appellant in this court, and ten dollars costs and disbursements in the Appellate Term, to the defendant-appellant, and the motion to strike out granted.