Dravo Corporation, Plaintiff, *v.* City of New York, Defendant.

Supreme Court, Special Term, New York County, May 16, 1947.

*Charles E. Murphy, Corporation Counsel (Richard G. Ahern* of counsel), for defendant.

*Kreutzer, Hauser & Selman* for plaintiff.

Miller, J. This motion for summary judgment dismissing the complaint is granted. The contract between the parties provided that " if the Contractor fails, neglects or refuses to accept the payment due him under the certificate of completion and acceptance * * * then no action shall lie or be maintained by the Contractor against the City upon any claim arising out of or based upon this contract * * * unless such action shall be commenced within one year after the date of filing in the office of the Comptroller of the City of New York of the certificate of completion and acceptance." The present action was not commenced within one year after the date of filing of the certificate of completion and acceptance. Plaintiff claims that the one-year provision did not commence to run because of the retention by the city of $28.22 out of $26,028.22 conceded by the city to be due herein. Although the $28.22 may not have been

tendered to the plaintiff by the city, there appears to be no question but that the plaintiff, had it so requested, could have obtained the $28.22 from the city, that amount being concededly due to plaintiff. In the circumstances, the case appears to be one where the contractor has failed or neglected to accept the payment due him under the certificate of completion and acceptance, and the action should therefore have been commenced within one year after the filing of that certificate. The fact that it may have been the intention of the deputy comptroller, as well as of the plaintiff, that plaintiff's time be extended by the procedure adopted beyond the one-year period of limitation provided for in the contract, is immaterial. The procedure adopted was not sufficient, for the reason above indicated, to render inapplicable the condition of the one-year limitation, viz., that the contractor fail or neglect to accept the payment due him under the certificate of completion and acceptance. It is to be noted further that the deputy comptroller had no authority, in any event, to modify the provisions of the contract and extend the time for the commencement of suit (see *Oakhill Contr. Co.* v. *City of New York*, 262 App. Div. 530).

Settle order.