Matthew M. Levy, J.
Plaintiff sues upon a contract between the parties to recover a stated sum based upon delays and additional expenses allegedly incurred as a result of encountering unforeseen obstructions and encumbrances incident to the performance of its work under the contract. Defendant moves for summary judgment upon the defense that the contractual time limitation for the institution of suit expired before the action was commenced.
Section 39 of the contract requires that an action shall not lie unless it “ shall be commenced within one year after the *875 date of filing in the office of the Comptroller of the City of New York the final certificate set forth in Section 20 hereof ”. Section 20 provides for the filing of a “ certificate setting forth the date of completion and acceptance ” of the job. Upon snch filing (as provided in § 20), payment is made in accordance with the final estimate and accompanying voucher, except for 5% held as retained moneys during the ensuing one-year maintenance period. Section 20 provides further that within 10 days after expiration of the maintenance period a “ last and final certificate and voucher ” are to be filed, whereupon the whole sum retained is paid, or such sum as remains after deduction of the cost of maintenance, if any. Section 37 provides (in part) that the acceptance by the contractor “ of the amount certified for payment under the final certificate mentioned in section 20 hereof” shall release defendant “ except [for] the sums shown by said final certificate, as audited by the Comptroller, to be due or to become due ”.
Plaintiff argues that the voucher under which the retained moneys were paid is the ‘ ‘ final certificate ’ ’ which fixes the contractual period of limitations within which suit must be commenced. I disagree. The certificate referred to in sections 20 and 39, when read together with section 37 of the contract (and from whose filing the time to commence suit begins to run) is the certificate of completion and acceptance. It is clear from the reading of these sections that the contractor must act, with respect to the claimed principal sum due him, within one year from the filing of the “ certificate of completion and acceptance ” and that such certificate is regarded as the final certificate as distinguished from the ‘ ‘ last and final certificate and voucher ” concerning the retained moneys. What may be due and payable with respect to the retained moneys has nothing to do with the principal amount due to the contractor for the job. WTiat plaintiff is suing for here is for alleged extra work — a part of the principal payment to be made under the contract — not the maintenance moneys retained by defendant for security after the general completion of the work done by the contractor. The contract fixes another time limitation for the commencement of suit to recover the retained moneys, in the following plain language: “ [n]o action shall lie or be maintained by the Contractor * * * upon any claim based upon moneys- required to be retained for any period after the filing of the final certificate [set forth in § 20], unless such action is commenced within six months after such moneys become due and payable under the terms of this contract ”. (§ 39.)
*876 The contractual limitation is binding (Brandyce v. Globe & Rutgers Fire Ins. Co., 252 N. Y. 69) and may not he waived by the department of water supply, gas and electricity, with whom plaintiff dealt in making the contract and doing the work (cf. Oakhill Contr. Co. v. City of New York, 262 App. Div. 530).
Accordingly, defendant’s motion for summary judgment dismissing the complaint is granted.