The FERRO CONCRETE CONSTRUCTION COMPANY, an Ohio corporation, Plaintiff,

v.

KENTUCKY UTILITIES COMPANY, a Kentucky corporation, Defendant.

No. 1314.

United States District Court
E. D. Kentucky,
at Lexington.

June 15, 1962.

James G. Headley, Frost & Jacobs, Cincinnati, Ohio, B. L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, Ky., for plaintiff.

Robert M. Odear, Stoll, Keenon & Park, Lexington, Ky., for defendant.

HIRAM CHURCH FORD, Chief Judge.

On or about June 1st, 1955, plaintiff, The Ferro Concrete Construction Company, a corporation organized and existing under the laws of the State of Ohio, entered into a contract with defendant, Kentucky Utilities Company, a corporation organized and existing under the laws of the State of Kentucky, whereby plaintiff agreed to construct super-structure work on defendant's E. W. Brown Generating Station in Mercer County, Kentucky, for a final fixed contract price of $1,082,515.38. The contract was fully performed by the plaintiff.

By this action, plaintiff seeks to recover $29,175.49 for additional labor, salaries and other expenses alleged to have been incurred by plaintiff in the performance of the contract over and above those contemplated in the contract.

An agreed order was entered on December 19th, 1961, as follows:

"By agreement of the parties and the Court being advised, it is hereby ordered and adjudged as follows:

"1. This cause is now submitted to the court on the issue raised by the defendant's amended answer which was filed and served on the 16th day of August, 1961, to-wit, as to whether or not plaintiff had waived all claims against the defendant, including the one set forth in its complaint herein by accepting final payment of the contract price under the contract between the parties.

"2. This issue is submitted to the court upon the stipulation of the parties filed herewith and upon the deposition of the witness, Walter Maffey. * * *"

The stipulation of the parties referred to in the agreed order is accepted by the court as properly presenting the factual matters upon which the case is to be determined, and is as follows:

"This cause having been submitted to the court on the issue raised by defendant's amended answer filed herein on August 16, 1961, it is now agreed between the parties that the following stipulations may be considered by the court in its determination and adjudication of said issue:

"1. Under the contract between the parties herein, the contract price was fixed by the contract dated June 1, 1955, under paragraph 11 thereof, in the sum of One Million, Six Thousand Two Hundred ($1,006,-200.00) Dollars.

"2. Under the terms of said contract, said contract price was subsequently increased by change orders to the sum of One Million Sixty Eight Thousand One Hundred Nineteen and 28/100 ($1,068,119.28) Dollars.

"3. Also subsequently said contract price was further changed by approved field orders to the sum of One Million Eighty Two Thousand Five Hundred Fifteen and 38/100 ($1,082,515.38) Dollars, which latter sum was and is the final contract price under the contract between the parties.

"4. On or about May 31, 1957, plaintiff submitted its invoice to defendant in the amount of Thirty Thousand Three Hundred Sixty One and 25/100 ($30,361.25) Dollars of which One Thousand One Hundred Eighty Five and 76/100 ($1,185.76) Dollars represented the balance due plaintiff from defendant on the contract price and Twenty Nine Thousand One Hundred Seventy Five and 49/100 ($29,175.49) Dollars represented, and was shown on said invoice as, 'Additional costs caused by deviations from contract schedule detailed in our letter dated November 29, 1956 to Sargent & Lundy.'

"5. On or about June 30, 1957, plaintiff submitted its invoice to defendant in the amount of One Thousand One Hundred Eighty Five and 76/100 ($1,185.76) Dollars, as the balance due on the contract price, and expressly set forth on the face of said invoice the following words: 'Note—This bill is not final.'

"6. Said sum of One Thousand One Hundred Eighty Five and 76/100 ($1,185.76) Dollars, described in paragraphs 4 and 5 as the balance due on the contract price, has been paid by defendant to plaintiff and said sum has been accepted by plaintiff.

"7. The only amount now in controversy between the parties is the amount prayed for in the complaint filed herein.

"8. The contract between the parties, and particularly the last sentence of paragraph 17 of the general conditions thereto, attached as Exhibit A, to said contract provides as follows:

" 'Acceptance by contractor of final payment on the contract price shall constitute a waiver of all claims against purchaser.' "

It seems quite clear that by the agreed order of December 19th, 1961, and the stipulation entered into by the parties, the determination of this case involves only the issue whether or not by accepting the payment of $1,185.76, the balance due on the contract price, the plaintiff is barred from maintaining this action for the collateral claims sought to be recovered herein, by the provisions of paragraph 17 of the general conditions of the contract which provided that the acceptance by the contractor of final payment on the contract price would constitute a waiver of all claims against the defendant.

The provisions of the contract which rendered plaintiff's acceptance of "final payment on the contract price" a

waiver of all claims against the defendant is clear, unambiguous, valid and binding upon the parties. The facts and circumstances attendant upon and relating to plaintiff's acceptance of the final balance due upon the contract price are clearly set out in the stipulation above referred to, and the determination of the question presented becomes a question of law, 56 Am.Jur. § 23, pages 125, 126; Aetna Insurance Co. v. Weekley, 232 Ky. 548, 552, 24 S.W.2d 292.

I am of the opinion that in view of the facts, as stipulated, the plaintiff's contention that the mere fact that the check which the plaintiff accepted in payment of the full amount of the balance due on the contract price contained no statement in reference to the nature of the payment, effected no change in the contract in reference to the acceptance of that which is stipulated as representing the final payment of the contract price, though the check was delivered to the plaintiff upon receipt by the defendant of the final invoice submitted by plaintiff on June 30, 1957, bearing a notation "This bill is not final".

In his deposition, Mr. Walter Maffey, the employee of the plaintiff having charge of its accounting, billing and record-keeping, including the making of the invoices submitted to the defendant, in reference to the phrase "This billing is not final" noted on the invoice on June 30, 1957, which was rendered after the plaintiff failed to receive any payment in response to the billing submitted on May 31, 1957, stated: "It has reference to our claim for additional costs which is noted in the invoice dated May 31, in the amount of $29,175.49, which had not been paid" (Dep. p. 5).

Since it is thus admitted that the notation of the final invoice had no reference to the finality of the payment on the contract price, it seems irrelevant upon the issue here presented.

The plaintiff's contention that the action of the defendant was sufficient to constitute waiver of the applicable contract provision or to mislead the plaintiff to believe that the provision of the contract in question was waived by the defendant is untenable as a matter of law.

For the reasons indicated, I am of the opinion that this action by which plaintiff seeks to recover the claims set out in the complaint as amended is barred and the case should be dismissed. Allen v. City of Oneida, 210 N.Y. 496, 104 N.E. 920; John Monaghan, Inc., v. State Highway Department, 81 Ga.App. 289, 58 S.E.2d 242 (1950); McArthur Bros. v. City of New York, 177 App.Div. 725, 164 N.Y.S. 753, affirmed 224 N.Y. 629, 121 N.E. 877 (1917); Oakhill Contracting Co. v. City of New York, 262 App.Div. 530, 30 N.Y.S.2d 567 (1941); Buffalo Electric Co. v. State, 27 Misc.2d 527, 212 N.Y.S.2d 269.

The authorities relied upon by the plaintiff appear to be distinguishable and inapposite.

Let an order be entered in conformity herewith.