Gut Gilbert Ribaudo, J.
In this action by the Commissioner of Hospitals of the City of New York to recover $5,740.50, the cost of hospital services rendered to the defendant Margaret Rossi from 1950 to 1956, her husband and their three children are also joined as parties defendant.
Plaintiff Commissioner now moves under subdivision 6 of rule 109 of the Rules of Civil Practice, to strike the 1 ‘ third ’ ’ and “fifth” affirmative defenses as alleging facts insufficient as a matter of law. For the purposes of this motion the allegations of these defenses are deemed to be true.
The third affirmative defense alleges that ‘ ‘ the Plaintiff or his predecessor through their agents, servants and/or employees and through its physicians agreed with the defendant, Joseph rossi, sr., that if the defendant, margaret rossi, would be submitted as a patient for treatment as a human guinea pig to the plaintiff or his predecessors at institutions operated by them to be experimented upon by the use of certain experimental and untested drugs and for human clinical research purposes and treatment in consideration of which said aforesaid persons agreed that no fee of any kind for care and maintenance would be made for the defendant, margaret rossi. The defendant, margaret rossi did undergo treatment for experimental and research purposes as aforesaid as a human guinea pig. That the defendants have duly performed all the conditions of said contract on their part to be performed. That, therefore, for said period of time there was no money due to the plaintiff for alleged care and maintenance of the defendant, margaret rossi.”
Perforce on this motion this monstrous agreement must be accepted as having been made and the question becomes whether such agreement, even if made, is binding upon the Commissioner of Hospitals.
Primary statutory authority is conferred upon the Commissioner of Hospitals as follows: “ b. A patient in a hospital *831 or other institution under the jurisdiction of the department who is able to pay, in whole or in part, for care and maintenance, or, if such patient be dependent, a relative legally liable for his support and maintenance, shall be liable for and shall pay to the extent of his ability for such care and maintenance in such hospital or other institution, and the commissioner shall collect and transmit .such payments to the treasurer. ” (New York City Charter, § 587.) .
The Administrative Code of the City of New York specifically authorizes the Commissioner of Hospitals to institute an action in a court .of competent jurisdiction against a patient or his estate to recover “ such sums of money as may have been expended by the city * * * in the * * * care or treatment of such person”. Instead of bringing legal proceedings, the Commissioner may determine the reasonable value of such care or treatment and “ enter into an agreement for its payment.” (Administrative Code of City of N. Y., § 603-9.0.)
Further statutory support for this action by the Commissioner of Hospitals is section 101 of the Social Welfare Law. Under this section the husband, wife or child of a recipient of public assistance or care shall, if of sufficient ability, be responsible for the support of the recipient of such assistance or care. Thus, section 101 supplements section 587 of the New York City Charter by specifically delineating the relative legally liable for the care and services rendered by the Commissioner of Hospitals. The Social Welfare Law must be read together with the provisions of the New York City Charter and of the Administrative Code. (MacLean v. Edenbaum, 6 Misc 2d 933.)
The challenge of the third affirmative defense therefore, is that the authority — nay, even the duty of the . Commissioner of Hospitals to collect payment for services rendered by city hospitals, may be waived by an agreement of a subordinate employee, or by a visiting physician.
Actually under the New York City Charter and under the Administrative Code, the Commissioner himself would have no power to waive the rights of the city to collect payment under the circumstances laid out in the pertinent provisions. Obviously, if the Commissioner himself could not effectively ignore the mandates of the Charter and the Administrative Code, no subordinate employee could do so.
In Oakhill Contr. Co. v. City of New York (262 App. Div. 530), a special agreement made between the appellant and an employee of .the Comptroller of the City of New York was asserted as establishing a right to further payment from the city, and as waiving the conclusiveness of a final payment made *832 by the city and aeceptedjis such by the appellant. The Appellate Division of this Department held:
“ The release clause in the contract contained no provision authorizing the comptroller or any of his subordinates to make final payment under any special condition or reservation. It cannot be seriously argued that a disbursing clerk in the comptroller’s office had authority to make any contract for the city of New York, or to modify any contract made by the city. The comptroller himself would have no power to modify a contract or to waive any of its provisions. (MacArthur Bros. Co. v. City of New York, 177 App. Div. 725; affd., 224 N. Y. 629.)
“It is equally plain that the comptroller’s disbursing clerk would have no authority to bind the city by representations regarding the legal effect of the acts of the parties. * * *
11 The principle applicable is that one dealing with an agent of a municipal corporation must at his peril ascertain the extent of the agent’s authority. (Robinowitz v. City of White Plains, 269 N. Y. 670.) This principle is based on the sound rule of public policy that those who aid in transactions with city officials which are unauthorized have no recourse against the municipal corporation. Therefore, any attempt to waive or modify the effect of the clause of the agreement with respect to release, by discussing its terms with the disbursing clerk, or by inserting something in an unnecessary general release which said clerk agreed to take, was futile.” (Oakhill Contr. Co. v. City of New York, supra, p. 533.) (See 3 McQuillin, Municipal Corporations [3d ed.], pp. 448-451.)
51) The third affirmative defense, hence, is plainly insufficient as a matter of law.
Defendants’ fifth affirmative defense alleges that the plaintiff Commissioner must first exhaust his remedies against the defendant husband, who is liable at common law as well as under the statutes, before proceeding against the children. This affirmative defense is without merit. The Commissioner is not required to exhaust his remedies in any particular order against these defendants (Matter of Ruderman, 266 App. Div. 935). He may elect to join in the same action, a cause of action against the patient and her husband founded on their common-law liability, with a cause of action against those relatives named in section 101 of the Social Welfare Law. He may further elect to proceed against any one relative without joining others who may be liable, at common law or under the statute. (Matter of Campbell, 208 Misc. 281.)
The motion of the plaintiff Commissioner of Hospitals in all respects is granted.