Fuld, J.
On July 30, 1953, the City of New York, acting through the New York City Transit Authority, arranged to have plaintiff contracting company perform work in connection with the heating, ventilating and airconditioning of the 74th Street Power Plant in Manhattan for which the city agreed to pay $349,000. Plaintiff contractor contends that, during the course of the work, the city required it to perform some extras for which it seeks to recover $18,867.99. The plaintiff also maintains that the city withheld from the contract price $3,081.68 for the contractor’s alleged failure to remove rubbish from the job. In this suit to recover the total of these two sums, amounting to $21,949.67, the court at Special Term granted the defendant’s motion for summary judgment dismissing the complaint, and the Appellate Division unanimously affirmed. The appeal is here by our permission.
*219 The city defended on the ground that, under a provision in the contract,[1] it was to be released from all claims upon acceptance by the plaintiff of final payment and that the plaintiff had received and accepted such final payment. The plaintiff had furnished the city with an “Estimate” on November 2, 1959, which stated at the head thereof “100 Per Cent Payment Estimate No. 11 and Final”. Thereupon, in a voucher submitted by the Transit Authority to the Comptroller, the Authority certified that the work under the contract was complete and that the plaintiff was entitled to receive the “ 11 & Final ” payment, amounting to $27,615.79. On May 20, 1960, the Comptroller issued the plaintiff its final payment warrant which was accepted by the plaintiff’s assistant treasurer and deposited soon after.
The plaintiff contends, however, that its acceptance of the “Final Payment” did not constitute a release to the city. It points out that on November 30,1959, some six months before such final payment, the plaintiff had submitted to the Transit Authority a general release which stated that it was reserving the claims in question, totaling $21,949.67, the amount here sued upon, and that, on April 12,1960, the Transit Authority adopted a resolution which, after accepting the work under the contract, recited:
“ Further resolved, that the attention of the Comptroller of the City of New York be drawn to the Contractor’s claim in the amount of $21,949.67 ”.
In contrast, the Transit Authority adopted a different resolution with respect to the final payment of the plaintiff’s Estimate No. 11 (of $27,615.79), declaring, simply, that it “ is approved ”.
With the exception of two cases, one in this court and one in the Appellate Division, the courts of this State have consistently *220 upheld the validity of a clause in city and state contracts, similar to the one before us, providing that acceptance of final payment by a contractor constitutes a release of all further claims in connection with the work embraced therein. Hence, a separate general release by such contractor in which he attempts to reserve additional claims despite his acceptance of final payment has been held of no effect. (See, e.g., Gerace & Castagna v. City of New York, 307 N. Y. 707; Nicholas v. City of New York, 293 N. Y. 704; Cauldwell-Wingate Co. v. City of New York, 269 N. Y. 539; MacArthur Bros. Co. v. City of New York, 224 N. Y. 629, affg. 177 App. Div. 725; Oakhill Contr. Co. v. City of New York, 262 App. Div. 530.)
In the Cauldwell-Wingate Co. case (269 N. Y. 539, supra), as here, the city’s contract for construction work contained a clause providing that final payment operated as a release. At the time the plaintiff accepted final payment, it executed a “ release document ” reserving claims for damages. This court, in upholding the Appellate Division’s affirmance of the trial court’s decision in favor of the city, did so on the theory that the plaintiff’s acceptance of the final payment fully released the city from liability and that the city could not waive the contract provision where a final estimate has been made and payment in full accepted. The more recent cases of Gerace & Castagna (307 N. Y. 707, supra) and Nicholas (298 N. Y. 704, supra), involving substantially the same problem, are to like effect.
In the present ease, therefore, when plaintiff contracting company accepted the final payment under the contract, it could not thereafter assert claims for additional sums which it had attempted to reserve by a wholly unnecessary and ineffective general release which was not provided for or required by the contract. The underlying rationale has been well expressed in the Oakhill Contr. Co. case (262 App. Div. 530, supra), where the Appellate Division wrote (p. 532):
“It is to be remembered that the provision in the contract relied on by defendant is to the effect that acceptance of the final payment ipso facto released the city from liability for anything done by the contractor in connection with performance of the work. Therefore, the delivery of a general release was a wholly unneces *221 sary step. Under the contract, the mere acceptance of payment constituted a release. Accordingly, any reservation contained in the general release would be entirely ineffective. It could not alter the contract, nor could it create any new rights in the plaintiff. Any custom or practice which might have existed with respect to general releases could not vary rights expressly and clearly provided for by the contract. * * * Nothing short of a modification of the contract, or a waiver of its provisions would avoid the effect of accepting the final payment. ’ ’
The plaintiff seeks to rely upon the resolution of the Transit Authority calling the Comptroller’s attention to its claim. However, this resolution could no more modify the terms of the original contract than could the plaintiff’s purported general release. In any event, the resolution was simply informative, calling the Comptroller’s attention to the fact that the plaintiff was asserting an additional claim under the general release; it did not approve such claim as it had the plaintiff’s final “ Payment Estimate ” of work covered by the contract.
The plaintiff also points to our decision in Fredburn Constr. Corp. v. City of New York (280 N. Y. 402) to support his position. In Fredburn, which was decided after Gauldwell-Wingate (269 N. Y. 539, supra) but before Gerace & Gastagna (307 N. Y. 707, supra) and Nicholas (293 N. Y. 704, supra), plaintiff contractor performed extra work under a contract similar to the present one, and at the very time it accepted final payment it executed a release reserving a claim for the extras. In accepting such payment, despite the further claim, the plaintiff acted upon the advice of the Brooklyn Borough President, by whom the original contract had been executed on behalf of the city. In addition, it was alleged that the release had been prepared in the Comptroller’s office, that only through an error had the warrant not been corrected to conform to the release and that neither party had intended the payment in question to be accepted as the final payment. Under these circumstances, this court held that a substantial question of fact existed and reversed a grant of summary judgment dismissing the complaint.
*222 The Fredburn case may be distinguished from the one before us by the Special circumstances, noted above, under which the release was given and payment accepted. It was done upon the advice of the very official who had executed the contract, release and payment were exchanged simultaneously and it was by mistake that the reservation of the claim was not included on the warrant. Although our court decided that these conditions were sufficient to create an issue of fact, it is clear, from our subsequent determinations in Nicholas (293 N. Y. 704, supra) and Gerace & Gastagna (307 N. Y. 707, supra), that we did not intend, in the usual case where the contractor received and accepted final payment pursuant to a contract providing that such payment operated as a release, that he could go behind the documents evidencing this payment on the ground that they did not represent or reflect the thinking of the parties.
There is a real necessity for a final payment release provision in city contracts. In virtually all cases, the city does not voluntarily choose the parties with whom it does business; the jobs are usually advertised and awarded to the lowest responsible bidder. In view of the tremendous number of contracts and contractors involved, a release clause is included in order to establish finality with respect both to the subject matter of each contract and the city’s financial responsibility in connection therewith. Moreover, contractors who engage in construction work of the size here involved are a fairly sophisticated group, well aware, before they undertake contracts such as the present one, of the possibility of being required to do extra work and of the city’s need for finality and certainty in winding up its contracts.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke, Scileppi and Bergan concur.
Order affirmed.

. Article VII, subdivision 1, of the contract recites:
“ The acceptance by the Contractor or any person claiming under the Contractor of the final payment aforesaid, as audited by the Comptroller, whether such payment be made pursuant to any judgment or order of any Court or otherwise, shall be and shall operate as a release to the City from all claim and liability to the Contractor for anything theretofore done or furnished for, or relating to, the Works, or for any prior act, neglect, fault or default of the Board, the City or of any person relating to, or affecting the Works”.