DALRYMPLE GRAVEL & CONTRACTING CO., INC., Respondent-Appellant, *v.* STATE OF NEW YORK, Appellant-Respondent. (Claim No. 38594.)

Third Department, July 13, 1965.

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz and Paxton Blair* of counsel), for appellant-respondent.

*Denton, Moseson & Keyser (Alex T. La Brecque* of counsel), for respondent-appellant.

AULISI, J. This is an appeal from a judgment of the Court of Claims, entered July 12, 1963, which made an award for extra work and material arising out of a contract for the reconstruction of State highways in Chemung and Tioga Counties.

The State contends that the action is barred because claimant cashed the final payment check thereby invoking the contract clause which provides that acceptance of the final check acts as a release in favor of the State and bars any further claims by the contractor. In July, 1960 claimant informed the State that it was seeking payment in addition to that provided for in certain supplemental agreements. The State rejected this claim and on November 4, 1960, sent claimant a final estimate or agreement for claimant's signature. This document represented the State's calculation as to what was owing claimant as a final payment, the sum being $59,612.67. Claimant sent this document back unsigned thus evincing its intent not to accept the final payment at that time. Nevertheless, on November 23, 1960, the State sent a check in the amount of $59,612.67 to claimant which was deposited in the regular course of claimant's business. There was no covering letter explaining the check, nor was there any notation thereon indicating that it was a final payment. On December 6, 1960, claimant sent a certified check

to the State in the amount of $59,612.67 explaining in a covering letter that the State's check had been deposited by mistake. The State returned this check. To substantiate the claim that the depositing of the check was a mistake, claimant's secretary testified that in all his prior dealings with the State he had never received a final payment check without first having signed a final agreement.

The trial court in dealing with the State's argument concerning the release, relied on *Buffalo Elec. Co.* v. *State of New York* (17 A D 2d 523) which held that cashing of the final payment check did not release the State where the facts showed that the contractor did not intend to accept the check as a final payment and clearly notified the State to that effect. Thereafter, however, *Buffalo Elec. Co.* (*supra*), was reversed (14 N Y 2d 453) and the State argues here that this case must necessarily be reversed. We do not agree. While it is true that the Court of Appeals held in *Buffalo Elec. Co.* (*supra*) and in *Brandt Corp.* v. *City of New York* (14 N Y 2d 217), that a contractor may not accept a final check and at the same time reserve his rights to further claims, such is not the situation here. In those cases the contractors were fully aware that the checks they accepted might be the final checks and they affirmatively attempted to cover themselves by issuing reservations of one sort or another. The discussion in those cases did not contemplate the sort of situation we find here where all the circumstances surrounding the depositing of the check support the plea of simple mistake. The State does not attempt to argue that claimant did not make an office mistake, contending, in effect, that surrounding circumstances are irrelevant, *Buffalo Elec. Co.* (*supra*) and *Brandt Corp.* (*supra*) mandating an automatic reversal solely for the reason the check was deposited. We think otherwise, and on our finding of mistake upon claimant's part sufficient to negate the effect of its depositing of the check (37 N. Y. Jur., Mistake, Accident, or Surprise, § 7, p. 526) we conclude that the award should not be disturbed.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed, with costs.