Harold Baer, J.
The defendant moves to dismiss the complaint on the ground that plaintiff released the city when it accepted "final payment” under the contract.
There are three causes of action in this complaint. The first involves a balance due under the contract of $58,239.69 which was paid by the "final payment”. The third cause of action is no longer in dispute; the second and remaining claim is for delay and modifications seeking damages of $65,045.18. Movant contends that acceptance and deposit of a warrant dated May 30, 1972 for $58,239.69 and on its face marked "FINAL PAYMT” is a complete release of all claims relating to the contract. (Art 42 of contract; Buffalo Elec. Co. v State of New York, 14 NY2d 453; Caudwell-Wingate v City of New York, 269 NY 539; Brandt Corp. v City of New York, 14 NY2d 217.)
The plaintiff contends that the warrant was deposited by mistake. That shortly after receipt, the warrant was deposited by a new employee; that plaintiff did not intend to deposit the check before consultation with counsel and preparation of *475 necessary instruments to reserve plaintiffs claim. Further, that attempts were made to stop payment of the warrant and to get the comptroller to sign a stipulation reserving the rights of plaintiff and defendant on the delay claim. The comptroller refused to sign any stipulation and said he would not accept a return check of the plaintiff in the same amount if offered. No check was sent and the funds were retained by plaintiff. However, plaintiff filed a notice of claim and an amended notice of claim setting forth the claim, and action was commenced thereafter. Plaintiff relies mainly on a case wherein claimant was permitted to pursue its claim although the State of New York contended it had made "final payment” under a contract clause similar to the release clause involved in this case. (Dalrymple Gravel & Contr. Co. v State of New York, 23 AD2d 418, affd 19 NY2d 644).
The issue is whether the case at bar comes under the Dalrymple decision because there was a "simple mistake”, "sufficient to negate the effect of the deposit” (19 NY2d 644, 645, supra) and no valid acceptance of the warrant or must the case be resolved under Buffalo Elec. Co. (supra), and Brandt (supra).
In deciding this motion, and only for the purpose of this motion, the statements of the plaintiffs officer and its counsel are accepted as true. Nevertheless, no proper tender to return the $58,239.69 was made, and plaintiff has retained these funds. In the Dalrymple case, a certified check was tendered. Also, in that case there was no transmittal letter or indication on the warrant that it was a final payment whereas the warrant herein was clearly marked.
This plaintiff is experienced in dealing with city contracts and its counsel is a competent, well-informed attorney in the field. The procedure developed by counsel continues to be in use but now, as from inception, stipulations must be signed before deposit of the warrant marked "final payment” in order to preserve a reservation of claims.
There is an insufficient showing by the plaintiff that there was a simple mistake or that the acceptance was invalid. I find the deposit of the warrant an invalid tender, and the retention of the proceeds was a final payment under the contract and released all other claims here at issue under the contract (Buffalo Elec. Co. v State of New York, supra; Brandt Corp. v City of New York, supra). The complaint is dismissed.