■ NAJJAR INDUSTRIES, INC., et al., Respondents-Appellants, v CITY OF NEW YORK (MERSEREAU AVENUE PUMPING STATION, RICHMOND), Appellant-Respondent. — Judgment, Supreme Court, New York County (O'Donnell, J.), entered on June 17, 1980, in favor of plaintiffs, after trial by jury, for the total sum of $238,854.20, against defendant, unanimously modified, on the law and on the facts, to the extent of vacating the award of the jury on the third cause of action, that cause of action is hereby dismisssed and the judgment reduced accordingly, and otherwise affirmed, without costs and without disbursements. Plaintiff was the low bidder on Contract No. 215046 to build a sewerage pumping station on Staten Island. A portion of this contract required plaintiff to install 67 feet of 42-inch pipe. During the course of construction, the city issued change orders 1M-4 and 1M-5, which requested plaintiff to extend the above pipe an additional 22 feet. Plaintiff was paid the unit contract price for this addition, but now claims, in the third cause of action, that this work was materially different from that involved in the contract and seeks the reasonable value for this work. The City of New York asserted that a release signed by plaintiff on November 24, 1972, precludes recovery on this claim. Nevertheless, the jury awarded plaintiff $51,434 for this cause of action. There should be a reversal as to this portion of the verdict. The release signed by the plaintiff

precludes any recovery under this cause of action. The only reservation contained in this document was a claim for an extension of time. This release clearly and unambiguously emancipated the city from all claims "arising out of or in connection with Change Orders 1M-4 and 1M-5". (*Brandt Corp. v City of New York,* 14 NY2d 217.) The payment under the orders of modification, and the acceptance thereof, plus the signing of this general release should have been sufficient to bar plaintiffs' claim for additional moneys in connection with the 22-foot extension. Accordingly, the city's motion for a directed verdict on the third cause of action should have been granted. Concur — Ross, J. P., Markewich, Lupiano and Bloom, JJ.