■ TENALP CONSTRUCTION CORP., Respondent, v COUNTY OF NASSAU, Appellant. — In an action to recover damages for breach of contract, the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (Pantano, J.), dated July 21, 1981, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Special Term erred in determining that there were triable issues of fact. The record reveals that on April 28, 1977, the plaintiff, Tenalp Construction Corp. (Tenalp), entered into a contract with the County of Nassau for the construction of certain water pollution control facility improvements in the Town of Hempstead. The total contract price, as subsequently supplemented, was $318,981.25, less 1% retainage. The work consisted primarily of installing precast concrete covers (known as precast concrete planks) over tanks which were to be used to hold raw sewage. The work was to commence on May 16, 1977, with completion scheduled 270 days later, on February 10, 1978. During the course of the project the county's resident engineer and a team of county inspectors rejected 40 planks as totally unfit for use and in violation of contract specifications. Because the planks were rejected, Tenalp's subcontractor had to refabricate them, causing some loss of time. Tenalp contended that the rejection caused it damage and sought

reimbursement from the county. During the summer and fall of 1977, representatives of Tenalp and the county engaged in negotiations, including discussions, correspondence and face-to-face meetings. In early January of 1978, all of the parties met at the job site, inspected the planks, and "resolved the issue." By letter dated August 18, 1978, Tenalp wrote the engineering firm representing the county on the project and requested that "a final inspection be made for final acceptance by the owner." The county issued a "certificate of completion" on September 6, 1978. On September 14, 1978, Tenalp submitted a claim form which contained the following data:

| | |
|---|---|
| Work to date per previous claims | $312,081.25 |
| Work performed this period | 6,900.00 |
| Total | 318,981.25 |
| Less retainage (1%) | 3,189.81 |
| Less previous claims | 296,477.19 |
| Amount of this claim | $ 19,314.25. |

The county issued a check dated February 9, 1979 to Tenalp in the sum of $19,314.25. Tenalp accepted and deposited the check. During the ensuing months, Tenalp corresponded with the county concerning its claim that additional moneys were due it as a result of the allegedly improper rejection of certain planks. When the county refused to make any further payments to Tenalp, it commenced the instant action, seeking $51,000 in damages. The county moved for summary judgment dismissing the complaint, asserting, first, that its engineer was specifically charged under the contract with determining whether the work was acceptable and, second, that under the contract, the plaintiff's acceptance of final payment constituted a waiver of any claims against the county. Special Term denied the motion, holding that there were questions of fact first, as to whether the check dated February 9, 1979 constituted a "final payment" or a "substantial completion payment", and second, as to whether the county engineer had improperly rejected the concrete planks. In so holding, Special Term misinterpreted the pertinent contractual provisions. Article 34 of the contract provides, in relevant part, as follows: "[W]ithin 30 days after receiving notice from the contractor of substantial completion of the work under this agreement, the Commissioner will cause an inspection to be made for approval of the work done under this contract. If, upon such inspection, the Commissioner determines that the work is substantially complete, but that work remains to be done, he will, upon approval and signature of the County Executive, issue a certificate of payment to the contractor for the work done under the contract less such sum that represents the payment for the work remaining to be done." An examination of the facts establishes that the check dated February 9, 1979 was a final payment and not a substantial completion payment. In its letter Tenalp requested that a "final inspection be made for final acceptance" and a certificate of completion was thereafter issued. There was no indication that any work remained to be done. In addition, the claim was for the exact balance remaining on the contract price and the *entire balance* was paid. If the payment had been only a substantial completion payment, the county would not have issued a check for the entire balance. Instead, a portion of the balance due would have been withheld for work remaining to be done. When Tenalp submitted its request for final payment, no work remained to be done. Therefore, by definition, the payment of $19,314.25 could not have been a substantial completion payment, but was a "final payment" pursuant to article 35 of the contract. That article provides, in relevant part: "Within the 30 days after receiving notice from the contractor of completion of all work * * * the Commissioner will cause a *final*

*inspection* to be made for approval of all work under this contract. If upon such inspection, the Commissioner determines that no further work is to be done, he will, upon the approval and signature of the County Executive, issue a final certificate of payment to the contractor for the work done under this contract." (Emphasis added.) Tenalp's letter of August 18, 1978 requested a "final inspection". The letter did not give notice of "substantial completion" as required by article 34A. The county did not determine that any further work had to be done, and therefore made the "final payment" under article 35. Special Term misconstrued article 34A to apply to situtations in which a contractor has an outstanding claim against the county. However, a reading of that article clearly demonstrates that it was only intended to be applied to situations in which actual work remained to be done. Regardless of whether the payment is deemed "final" or "substantial completion", article 36 bars the instant action. That article, in relevant part, provides: "The acceptance by the contractor * * * of the Substantial Completion Payment * * * shall operate as and shall be a release to the County * * * from any and all claims and all liability to the contractor for anything done or furnished in connection with this work or project". The plaintiff also argues that a final payment could not have been made while disputed matters existed. This argument flies directly in the face of established case law (see *Brandt Corp. v City of New York,* 14 NY2d 217; *Buffalo Elec. Co. v State of New York,* 14 NY2d 453; *Ferran Concrete Co. v Facilities Dev. Corp. of State of N. Y.,* 61 AD2d 1061). Finally, Special Term erred in holding that there was an issue of fact as to whether the county's engineer acted properly in rejecting the concrete planks. Pursuant to article 24 of the contract, the county's engineer had the exclusive right to "determine the amount, kind, quality, sequence, and location of the work" and to *"determine all questions in relation to the work."* (Emphasis added.) In addition, it was provided "that all of the work shall be subject to [the engineer's] *determination* and approval". (Emphasis added.) In view of the foregoing express language, the county engineer's determination to reject the planks was final; Tenalp cannot argue whether the determination was "proper" or not. Even if the county engineer's determination were subject to challenge, the plaintiff's acceptance of final payment constituted a waiver of any claim it might have had (see *Ferran Concrete Co. v Facilities Dev. Corp. of State of N. Y., supra).* Gibbons, J. P., Thompson, Rubin and Boyers, JJ., concur.