■ NRS CONSTRUCTION CORP., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (P.S. 346, KINGS), Appellant. — Order of the Supreme Court, New York County (White, J.), entered on February 16, 1982, which, *inter alia,* denied defendant's motion for partial summary judgment dismissing plaintiff's fourth cause of action, is unanimously reversed, on the law, to the extent appealed from, with costs and disbursements, and summary judgment

dismissing the fourth cause of action granted. In November of 1973, plaintiff-respondent, a general contractor, and defendant-appellant the Board of Education of the City of New York, entered into a contract for construction of a new school. Article 67 of the agreement required that any action arising thereunder be commenced within one year of the board's approval of plaintiff's work. According to article 69, plaintiff's acceptance of final payment would operate to release the board of any claims, except that plaintiff would not be barred from instituting an action for breach of contract provided that a detailed and verified statement of claim was served not later than 40 days after the mailing of the final payment. All work on the project was largely finished by July 12, 1976, and plaintiff was granted substantial completion on that date. On October 26, 1976, plaintiff applied for final payment. At its December 15, 1976 public meeting, the board adopted a resolution accepting plaintiff's performance of the contract and approved final payment. Shortly thereafter, defendant sent out a final payment certificate notifying plaintiff of the board's acceptance of the work and authorization of final payment in the amount of $4,620.45 in cash and $194,028.18 in bonds. On February 18, 1977, the office of the Comptroller issued plaintiff a check for $4,620.45. Although the check, which bore the notation of "ACCT CONT", did not state that it was for final payment, it was mailed with a vendor's copy of the invoice marked "final" payment in two places. On the same day that plaintiff deposited the check, it was informed that a release for $194,028.18 in bonds was available to be picked up in the Comptroller's office as part of the final payment procedures, and these securities were, in fact, released on March 28, 1977. Moreover, in March of 1977, plaintiff requested return of money retained from final payment pursuant to article 46(2) of the contract, and these funds were released in April of 1977. The instant action was brought in August of 1978. The complaint sets forth four causes of action. The first cause of action seeks $42,788.26, the balance allegedly due under the contract; the second demands money for additional work in the amount of $24,479.56; the third cause of action involved a minor claim which was subsequently waived by the plaintiff; and the fourth cause of action, the one at issue here, asks for delay damages in the amount of $1,873,027. Defendant, in its answer, denied liability and asserted a number of affirmative defenses, as well as a counterclaim for certain liquidated damages. In November of 1981, the board moved for leave to amend its answer to interpose defenses based upon articles 67 and 69 of the contract. Although the court granted leave to amend, it denied defendant's motion for summary judgment dismissing the fourth cause of action. On appeal, defendant argues that plaintiff's acceptance of final payment released the board from the claim for delay damages and, further, the fourth cause of action is barred by the limitation provision of the contract. In response, plaintiff contends that it never received sufficient notice that its work was accepted or that final payment was approved. Plaintiff also endeavors to erect an estoppel against the board on the ground of marking "ACCT CONT" on the final check, which it states was construed by it to represent "account continued". In reality, the notation meant "on account of contract". However, in view of the foregoing facts, plaintiff's position is wholly unpersuasive. It admittedly received a final payment certificate indicating $4,620.45 in cash and $194,028.18 in bonds owed as final payment. It then was sent and cashed a check for $4,620.45. While the check itself did not refer to final payment, the accompanying invoice, whose receipt plaintiff does not dispute, stated "final payment" in two separate places. Thereafter, plaintiff arranged to retrieve amounts clearly held as security pending final payment. None of these things could have occurred in the ordinary course of the board's business had the defendant not accepted the work. As for the "ACCT CONT" notation on the check, plaintiff's purported

presumption that this meant "account continued" scarcely supports a meritorious claim of estoppel. The validity of clauses providing for release upon final payment is well established. (*Brandt Corp. v City of New York,* 14 NY2d 217; *Buffalo Elec. Co. v State of New York,* 14 NY2d 453.) Since it is evident that plaintiff knew, or should have known, that its work had been accepted and final payment made, particularly since it engaged in all the steps attendant upon consummation of the contractual relationship, and that this occurred more than one year prior to the commencement of the present action, there are no material questions of fact remaining to resolve. Consequently, the defendant is entitled to summary judgment dismissing plaintiff's fourth cause of action. Concur — Sullivan, J. P., Carro, Asch, Bloom and Milonas, JJ.