■ ROBERT B. CONWAY, Appellant, v TOWN OF ISLIP, Respondent. [600 NYS2d 106] —In an action to recover damages incurred on a certain construction project due to performance delays by the defendant Town of Islip, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered May 13, 1991, which, upon an order dated March 25, 1991, granting the defendant's motion for summary judgment, is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff contractor and the defendant Town of Islip entered into a written contract for the reconstruction of the Bay Shore Marina Bulkhead. The contract provided that the contractor's acceptance of final payment from the Town released the Town from all claims the contractor might have had in connection with the contract. After the contractor filed a notice of claim against the Town for delay damages, he cashed the final payment check and, in an attempt to preserve his rights under the notice of claim, endorsed it with the words "without prejudice".

Thereafter, the contractor commenced this action in the Supreme Court to recover delay damages against the Town. In its answer, the Town raised the affirmative defense that pursuant to the contract the contractor's acceptance of final payment constituted a formal release of all claims against the Town. The Town successfully moved for summary judgment and we affirm.

The courts have consistently upheld clauses in contracts of this type which provide that acceptance of final payment by a contractor constitutes a release of all further claims in connection with the work involved *(see, Brandt Corp. v City of New York,* 14 NY2d 217, 220; *see, Buffalo Elec. Co. v State of New York,* 14 NY2d 453, 463). These clauses are given effect

even though the contractor had previously filed a notice of claim or had sought to qualify the endorsement of the final payment check by the words "without prejudice". Accordingly, the contractor's attempt to preserve the claim was of no effect once he accepted final payment *(see, Brandt Corp. v City of New York, supra),* given the well settled precedent by which a reservation in a claimant's endorsement on a final payment check cannot operate to alter the legal status of that payment under the terms of the contract *(see, Buffalo Elec. Co. v State of New York, supra).*

The contractor argues that State Finance Law §§ 145, 2-a (5) create an exception to the rule by prohibiting the State from relying upon contractual clauses designed to defeat contractors' claims upon acceptance of final payment. That statute, however, is expressly limited to contracts with the State, its departments, and agencies. It does not apply to towns, and extension in its language is a matter for the Legislature and not the courts.

We have considered the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.