■ DORMITORY AUTHORITY OF STATE OF NEW YORK, Respondent, v LASKER-GOLDMAN CORPORATION, Defendant, and AETNA CASUALTY AND SURETY COMPANY, Appellant. [644 NYS2d 532] ■

In October 1984, the plaintiff entered into a contract with the defendant Lasker-Goldman Corporation (hereinafter

Lasker-Goldman) pursuant to which Lasker-Goldman agreed to perform general construction work at CUNY Law School in Flushing, New York. In connection with the contract, Lasker-Goldman, as principal, and Aetna Casualty and Surety Company (hereinafter Aetna), as surety, executed a performance bond dated October 25, 1984. The terms of the performance bond required any action under the bond to be commenced before the expiration of two years from the date on which final payment was made under the contract. More than four years after the construction was allegedly completed, the plaintiff commenced this action against Lasker-Goldman and Aetna to recover damages for Lasker-Goldman's failure to perform all of its obligations under the contract. Aetna moved to dismiss the action insofar as asserted against it pursuant to CPLR 3211 on the ground that the action against it was time-barred by the terms of the performance bond. The Supreme Court denied the motion.

On appeal, Aetna contends that the final release signed by Lasker-Goldman, and its consent to final payment as surety, both of which were executed prior to the last payment made by the plaintiff under the terms of the contract, occurred more than two years before this suit was commenced. However, final acceptance of remaining work items never occurred, as certified by the plaintiff's execution of a notice of contract completion. In addition, the full amount of the last payment as requisitioned by Lasker-Goldman was never paid. Accordingly, the action insofar as asserted against Aetna was not time-barred by the terms of the performance bond (see, Ferran Concrete Co. v Facilities Dev. Corp., 61 AD2d 1061; Tenalp Constr. Corp. v County of Nassau, 88 AD2d 908).

Aetna's remaining contentions are without merit. Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.